LAY, Circuit Judge,
concurring.
I agree with the majority’s conclusion that our court lacks jurisdiction to review the district court’s order of December 2003. Because the majority has elected to discuss whether the defendant in this case would have received relief under United States v. Pirani 406 F.3d 543 (8th Cir. 2005) (en banc), I write separately to express my dissatisfaction with the inflexible manner in which plain error is used by this court to review Booker claims. Pirani does not make any sense and puts blinders upon our review of Booker cases. Even where it is obvious the district court imposed a mandatory sentence based on facts not admitted to by the defendant or found by a jury beyond a reasonable doubt in violation of the Sixth Amendment, we will not entertain the possibility of a remedy for this constitutional error if the record is mute on the issue of whether the district court would have imposed a different sentence if the Guidelines were merely discretionary. Considering that, at the time of sentencing, the Guidelines were mandatory, a silent record on this point is to be expected and we should not fault a defendant for an inability to point to non-existent evidence. While justice may be blind, I cannot turn a blind eye to injustice. As eloquently stated by Judge Bye,
The duty of showing prejudice which the [rule of Pirani bestows] on a defendant is like asking a defendant to prove the existence of a divine-being or the existence of life on a planet other than our own. The evidence either does not exist or is beyond the defendant’s mere human capabilities, thus any attempt to explain how a defendant may meet this showing, without an explicit statement on the record by the sentencing judge, is nothing more than an empty exercise in casuistry.
Id. at 564 (Bye, J., dissenting).
I suggest the limited remand approach adopted by the Second, Seventh and Ninth Circuits strikes the correct balance between judicial economy and our duty to protect the constitutional rights of criminal defendants. See United States v. Ameline, 409 F.3d 1073 (9th Cir.2005) (en banc); United States v. Paladino, 401 F.3d 471 (7th Cir.2005); United States v. Crosby, 397 F.3d 103 (2d Cir.2005). As it is nearly always impossible for a defendant to demonstrate that the district court would have imposed a different sentence under a discretionary sentencing regime, a limited re *499 mand to answer this question is both practical and just.